ISAAC S. SIERER, Sheriff,

*v.*

SAMUEL L. MARTIN, School Superintendent.

1. SHERIFFS AND CORONERS—*of their official liabilities.* The provisions of section 15 of chapter 99, Rev. Stat. 1845, are not disturbed by those of February 16, 1857, and February 15, 1865, so far as requires sheriffs and other officers to pay over certain fines to the school fund—such new remedies being cumulative merely.

2. RETIRING SHERIFF—*continuing liability.* Going out of office before the completion of an execution, by paying over money in his hands, does not absolve a sheriff from liability.

3. ERROR—*bill of exceptions.* Error assigned on a point not set forth in the record, nor embodied in a bill of exceptions, not being before the court, can not be considered.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This is an appeal from a judgment under a summary statutory proceeding for the failure of the appellant, late sheriff of Morgan county, to pay over money collected by him from persons convicted of selling liquor contrary to law, and which was payable into the school fund—the appellee being superintendent of schools for his county. Upon errors assigned, the case comes by appeal to this court.

Mr. OSCAR A. DELEUW, for the appellant.

Mr. CYRUS EPLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding in the Morgan circuit court, under section 15 of chapter 99, title "Sheriffs and Coroners," R. S. 1845.

That portion of the section supposed to authorize the proceeding is as follows:

"Upon the failure of any sheriff or coroner, after demand made, to pay over any money by him collected by virtue of any execution, process or fee bill, to any person entitled to receive the same, such person may proceed against such sheriff or coroner, in a summary way, before the circuit court, on motion, upon giving to such officer 10 days notice of the application, and recover the amount so neglected to be paid, with 10 per cent damages thereon for such detention, and shall have execution therefor."

By the act to establish and maintain a system of free schools, approved February 16, 1857 (p. 293), it is provided by section 82, among other things, that all fines, penalties and forfeitures imposed or incurred in any of the circuit courts of this State, or collected by justices of the peace or other county officers (except fines collected in incorporated towns, for the violation

of their by-laws or ordinances), shall be paid to the school commissioners of the county where such fines, penalties and forfeitures have been collected, and the same shall be distributed by the commissioner in the same manner as the common school funds are distributed; and if any county officer or justice of the peace shall fail or refuse to pay after such collection, such officer or justice of the peace so failing or refusing shall forfeit and pay double the amount of such fine, penalty or forfeiture so collected by him, to be recovered before any court having jurisdiction, in a civil action, at the suit of the school commissioner.

By section 28 of the act to amend the school law, in force February 15, 1865, the fines, etc., when collected, are to be paid to the school superintendent of the county, and for a failure of the officer to pay them over, on demand, when collected, he shall forfeit and pay double the amount of such fine so to be recovered before any court having jurisdiction thereof, in a *qui tam* action—one-half to be paid to the informer and one-half to the school fund of the proper county. Sess. Laws of 1865, p. 124.

Section 29 repeals all acts and parts of acts coming in conflict with the provisions of this act.

It is insisted by appellant that this act confers a new right upon the school superintendent that did not exist by any previous statute, and that the means to enforce that right being specifically provided, must be pursued.

It is not a new right conferred by this statute. The right to these moneys was conferred by the act of 1857. The remedy is different, but, as provided by it, other remedies would not be taken away. It is clear the sheriff, for such delinquencies, would be liable on his bond. Nor does it affect the remedy given by the act of 1845. It is cumulative only upon both. The party to whom the fines are payable can pursue either of the remedies.

Another point made is, that the act of 1845 has reference only to sheriffs in office.

In *Buckmaster* v. *Drake,* 5 Gilm. 321, which was a motion like this against a sheriff who had gone out of office, to pay over money collected by him while in office, it was held, the fact of his going out of office before the completion of an exetion, by paying over the money, did not absolve him from liability to pay over the money and the interest provided in such case, on motion.

Upon the point that the judgment is for too much, it is sufficient to say, there being no bill of exceptions containing the evidence, there is nothing before us by which to determine the question.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*